**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4388**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

     v.

UGOCHUKWU ENWEREM, a/k/a Joseph Smith, a/k/a Ugo,

                    Defendant – Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Senior District Judge.  (3:07-cr-00157-GCM-DCK-2)

_____

Argued:  March 23, 2012                 Decided:  April 30, 2012

_____

Before Sandra Day O'CONNOR, Associate Justice (Retired), Supreme Court of the United States, sitting by designation, TRAXLER, Chief Circuit Judge, and SHEDD, Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Ross Hall Richardson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Daniel Steven Goodman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Henderson Hill, Executive Director, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina; Allison Wexler, Matthew Segal, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Lanny A. Breuer, Assistant Attorney General, Greg D. Andres, Acting Deputy Assistant Attorney General, Laura N. Perkins, Nicole H. Sprinzen, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Ugochukwu Enwerem on one count of conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 371, and fourteen counts of wire fraud, in violation of 18 U.S.C. § 1343. After calculating Enwerem's advisory Guidelines range to be 188-235 months, the district court granted an 80-month downward variance and sentenced Enwerem to concurrent sentences of 60 months of imprisonment on the conspiracy count and 108 months of imprisonment on each wire fraud count. In this appeal, Enwerem challenges his sentence on several grounds. For the following reasons, we affirm.

I.

The facts of this case are not in dispute. For several years, Enwerem participated in an advance fee fraud conspiracy (the "conspiracy"). Victims received letters or e-mails informing them that they had, for example, won a lottery, inherited a substantial sum of money, or, in a format referred to as the "pipeline scheme" in this case, could collect funds remaining from a government contract. Supposedly to receive the proceeds, victims sent comparatively small fees, usually through Western Union, to locations in Western Europe. Members of the conspiracy called "westies" would pick up the money at Western

Union locations, and each member of the conspiracy received a portion of the collected fees.

Kent Okojie brought Enwerem into the conspiracy in 2004. Enwerem began as a westie, picking up money transfers in Spain. Later, Enwerem followed Okojie to Amsterdam, where he answered phone calls from victims and helped with other administrative matters related to the conspiracy.

In 2007, after an investigation into the conspiracy, Dutch police searched both Okojie's and Enwerem's apartments. The police seized documentation on USB and hard drives as well as fake passports and bank account information. The Dutch police turned the evidence over to U.S. postal inspectors, who used it to identify victims and to establish the verifiable loss attributable to Enwerem and the conspiracy.

II.

On appeal, Enwerem argues that the district court failed to make particularized findings sufficient to explain its loss calculations.[*] Specifically, Enwerem challenges the

---

[*] Enwerem raises four additional issues: (1) the inclusion of losses sustained by foreign victims to calculate attributable loss, (2) the application of an aggravating-role enhancement, (3) the application of a government-actor enhancement, and (4) the propriety of the imposed restitution order. We have reviewed these claims and find them to be without merit.

4

inclusion of losses sustained by victims in the pipeline scheme as relevant conduct pursuant to U.S.S.G. § 1B1.3(a)(1)(B).

"[T]he determination of loss attributable to a fraud scheme is a factual issue for resolution by the district court, and we review such a finding of fact only for clear error." United States v. Godwin, 272 F.3d 659, 671 (4th Cir. 2001). However, "a sentencing court, in order to hold a defendant accountable for the conduct of his coconspirators, should make particularized findings with respect to both prongs of § 1B1.3(a)(1)(B)," including the scope of criminal activity agreed on by the defendant and the foreseeability of his co-conspirators' conduct. United States v. Bolden, 325 F.3d 471, 499 (4th Cir. 2003).

In attributing the pipeline scheme amounts to Enwerem, the district court made sufficient individualized findings. See J.A. 1239-1243. During the sentencing hearing, the court indicated that foreseeability was the touchstone for attributing this loss to Enwerem and, specifically, referenced a phone call by Enwerem to a co-conspirator in which Enwerem sought proceeds from this part of the conspiracy. Then, after entertaining argument from both counsel for Enwerem and the government on the loss issue, the court specifically adopted the government's version of the loss amounts, which expressly included the loss caused by the pipeline scheme. Although the court perhaps could

5

have more precisely articulated its findings, the record demonstrates the court had an individualized basis for the loss attributed to Enwerem. We find no clear error in that determination.

### III.

For the foregoing reasons we affirm the judgment of the district court.

AFFIRMED